IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

THOMAS SAWYER,                  )
TDCJ #579557,                   )
                   Plaintiff,   )
                                )      Civil No. 7:13-CV-090-O-BL
v.                              )
                                )
DIRECTOR, TDCJ-CID, *et al.*,   )
                   Defendants.  )

REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action alleging adverse conditions of confinement.  *See* Complaint He seeks leave to proceed *in forma pauperis* under the provisions of 28 U.S.C. § 1915.

28 U.S.C. § 1915(g) provides that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least six of Sawyer's prior civil actions or appeals, each filed when he was incarcerated, have been dismissed as frivolous.[1]  In his second amended complaint, Sawyer alleges that he is "under imminent danger of serious physical injury."  Second Amended Complaint p. 4.  However, further review of his litigation history reveals that Sawyer has been sanctioned due to his conduct

---

[1] *Sawyer v. Jowers*, No. 2:08-CV-186 (N.D. Tex.) (dismissed on October 31, 2008 as frivolous and for failure to state a claim); *Sawyer v. Varela*, No. 2:04-CV-028 (N.D. Tex.) (dismissed on July 20, 2004 as frivolous); *Sawyer v. Countz*, No. 4:93-CV-3913 (S.D. Tex.) (case dismissed on September 27, 1995 as frivolous); *Sawyer v. Johnson*, No. 4:97-CV-3142 (S.D. Tex.) (dismissed on October 12, 1999 as frivolous); *Sawyer v. Luby*, No. 98-40508 (5th Cir.) (dismissed on June 16, 1999 as frivolous); *Sawyer v. Polunsky*, No. 98-20397 (5th Cir.) (dismissed on August 24, 1999 as frivolous).

in wilfully ignoring or deliberately misinterpreting opinions entered by the Southern District of Texas and the Fifth Circuit Court of Appeals. *Sawyer v. Polunsky*, No. H-97-562 (S.D. Tex. - Houston Div. 2000). Because of his vexatious conduct, Sawyer was sanctioned $500 and barred from filing complaints, motions, pleadings, submissions, or other documents unless he first paid the sanction and secured permission to file from a judicial officer. *Id.* at order entered August 23, 2000.

Pursuant to Miscellaneous Order No. 48 (N.D. Tex.), filed on Nov. 16, 1993, this Court observes and enforces sanctions imposed against inmates by other federal courts in Texas. *See Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1999) (affirming dismissal of a prisoner's federal action based upon district court's policy of enforcing sanctions imposed by other federal courts in Texas). Sawyer has failed to demonstrate that the monetary sanction entered against him has been satisfied and he does not have permission to file this action.

For the foregoing reasons, it is RECOMMENDED that this case be dismissed without prejudice to Plaintiff's right to re-file upon demonstrating that he has permission from a federal judge to file and that he has satisfied the $500 sanction entered against him in the Western District.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

-2-

adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 5th day of November, 2013.

**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**