IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| THOMAS SAWYER, | ) | |
| TDCJ #579557, | ) | |
|     Plaintiff, | ) | |
| | ) | Civil No. 7:13-CV-090-O-BL |
| v. | ) | |
| | ) | |
| DIRECTOR, TDCJ-CID, *et al.*, | ) | |
|     Defendants. | ) | |

ORDER ACCEPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

After making an independent review of the pleadings, files and records in this case, of the Report and Recommendation of the United States Magistrate Judge, and of Plaintiff's objections thereto, I am of the opinion that the Report and Recommendation of the Magistrate Judge is correct and it is hereby adopted and incorporated by reference as the Findings of the Court.

The Magistrate Judge found that Plaintiff had previously been sanctioned and is barred from filing a federal lawsuit unless he first obtains permission from a judicial officer. In *Sawyer v. Polunsky*, No. 4:97-CV-562 (S.D. Tex. 2000), Plaintiff's complaint was dismissed as frivolous. The Court later found that Sawyer had "wilfully ignored, or [had] deliberately misinterpreted, [the] court's and the Fifth Circuit's opinions." The Court stated that it would "not tolerate such blatant disregard for court orders." Sawyer was sanctioned $500 and barred from filing "any more complaints, motions, pleadings, submissions, or other documents until that sanction [was] paid and he secure[d] permission to file from a judicial officer." Review of the docket sheet in *Sawyer v. Polunsky* reflects that the $500 sanction has been paid. However, Sawyer failed to secure permission from a judicial officer prior to filing the instant complaint.

In his objections to the Magistrate Judge's Report and Recommendation, Sawyer argues that, in the case from which the instant case was severed, *Sawyer v. Director*, 7:12-CV-185-O, he requested permission to file. He asserts that when he was granted leave to proceed *in forma pauperis* in that case and this civil rights action was severed from the habeas petition, such action on the part of the Court constituted "permission" to file as contemplated by the Southern District sanction order.

Review of the motion filed by Plaintiff in *Sawyer v. Director*, 7:12-CV-185-O reveals that Sawyer explicitly requested leave to file in order to avoid the "three strikes" bar of 28 U.S.C. § 1915(g). However, he failed to inform the Court of the prior sanction or provide any indication that he was requesting leave to file pursuant to the sanction order. *See Sawyer v. Director*, 7:12-CV-185-O, Dkt. No. 4 at p. 5.

Pursuant to Miscellaneous Order No. 48 (N.D. Tex.), filed on Nov. 16, 1993, this Court observes and enforces sanctions imposed by other federal courts in Texas. *See Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1999) (affirming dismissal of a federal action based upon district court's policy of enforcing sanctions imposed by other federal courts in Texas). Sawyer did not have advance permission to file this lawsuit. Therefore, he violated the Southern District sanction order by filing.

For the foregoing reasons, it is ORDERED that this case is DISMISSED without prejudice.

SO ORDERED this 18th day of February, 2014.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**